IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

LUIS E. LEPAGE,

     Plaintiff (s)

v.

PINNACLE PARKING INC.,
And JAMES L. PATRONE,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

### (OPT-IN PURSUANT TO 29 USC § 216(b))

Plaintiff Luis E. Lepage, by and through undersigned counsel, files this Complaint against

Defendants Pinnacle Parking Inc. and James L. Patrone and alleges as follows:

### Introduction

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201

   et seq., to recover unpaid overtime wages, retaliatory damages, liquidated damages,

   attorneys' fees, and other relief for Defendants' unlawful actions. Plaintiff was unlawfully

   terminated after complaining about these violations.

### Jurisdiction And Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises

   under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. Defendant is an employer covered under the FLSA because it employed Plaintiff in a position engaged in interstate commerce, as defined by 29 U.S.C. § 203. At all times material, Defendant was and is engaged in interstate commerce.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within this District, and Defendants reside in this District.

<u>Parties</u>

5. Plaintiff Luis E. Lepage is an individual residing in Broward County, Florida, who was employed as a Valet Parking Attendant by Defendants.

6. Defendant Pinnacle Parking Inc. (hereinafter Pinnacle Parking, or Defendants) is a Florida Profit Corporation conducting business in Palm Beach County, Florida, within this Honorable Court jurisdiction. At all times, Defendant was engaged in interstate commerce and was and is subject to the requirements of the FLSA.

7. The individual Defendant, James L. Patrone, was and is now the owner/partner and manager of Defendant Corporation Pinnacle Parking. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

<u>General Allegations</u>

8. This cause of action is brought by Plaintiff Luis E. Lepage as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and

who worked more than forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being adequately compensated.

9. Defendants Pinnacle Parking is a provider of valet parking services at different institutions, hotels, and other businesses.  Defendant Pinnacle Parking was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a valet parking company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a valet parking employee; Plaintiff is engaged in interstate commerce, as it provides valet parking services to a business engaged in interstate commerce. Plaintiff's work involved the use of vehicles, equipment, and materials that have traveled through interstate commerce. Therefore, there is individual coverage.

11. Defendants Pinnacle Parking and James L. Patrone employed Plaintiff Luis E. Lepage as a non-exempt, full-time, hourly employee from 2008 to December 15, 2023, or more than 15 years. However, for FLSA purposes, Plaintiff's relevant employment period is 104 weeks.

12. Plaintiff had duties as a Valet Parking Attendant with a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

13. During the relevant time, Plaintiff worked seven days per week. From Monday to Friday, Plaintiff worked from 5:00 PM to 11:00 PM (6 hours each day); on Saturday, Plaintiff worked from 5:00 PM to 12:00 PM (7 hours); and on Sunday, Plaintiff worked from 5:00 PM to 11:00 PM (6 hours), totaling 43 hours per week.

14. Despite working more than 40 hours per week, Plaintiff was for all his hours at his regular rate. He was not compensated for overtime hours as required by law.

15. Plaintiff is owed 3 hours of overtime per week for the relevant period of employment.

16. Plaintiff did not clock in and out, but Defendants could track the number of days and hours worked by Plaintiff and other similarly situated individuals. Defendants had absolute control over Plaintiff's schedule and activities.

17. Therefore, Defendants willfully failed to pay overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

18. Plaintiff was paid by direct deposits without paystubs showing information about the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

19. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times, but Defendants took no corrective action.

20. On or about December 15, 2023, Business owner James L. Patrone terminated Plaintiff's employment after he complained one more time about unpaid overtime.

21. Plaintiff Luis E. Lepage seeks to recover unpaid overtime hours weekly for every week he worked for Defendants, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half their regular rate.

24. This action is intended to include every valet parking employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

25. Plaintiff re-alleges and incorporates by reference general and factual allegations contained within paragraphs 1 through 24 concerning unpaid overtime as if fully set forth herein.

26. Defendants Pinnacle Parking and James L. Patrone employed Plaintiff Luis E. Lepage as a non-exempt, full-time, hourly employee from 2008 to December 15, 2023, or more than 15 years. However, for FLSA purposes, Plaintiff's relevant employment period is 104 weeks.

27. Plaintiff had duties as a Valet Parking Attendant with a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

28. During the relevant time, Plaintiff worked seven days per week, a total of 43 hours per week.

29. Despite working more than 40 hours per week, Plaintiff was for all his hours at his regular rate. He was not compensated for overtime hours as required by law.

30. Plaintiff is owed 3 hours of overtime per week for the relevant period of employment.

31. Plaintiff did not clock in and out, but Defendants could track the number of days and hours worked by Plaintiff and other similarly situated individuals. Defendants had absolute control over Plaintiff's schedule and activities.

32. Therefore, Defendants willfully failed to pay overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. Plaintiff was paid by direct deposits without paystubs showing information about the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

34. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times, but Defendants took no corrective action.

35. On or about December 15, 2024, Business owner James L. Patrone terminated Plaintiff's employment after he complained, one more time, about unpaid overtime.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

37. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

39. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. Total amount of alleged unpaid O/T wages:

       Two Thousand Eight Hundred Eight Dollars and 00/100 ($2,808.00)

    b. Calculation of such wages:

       Total period of employment: more than 15 years
       Relevant weeks of employment: 104 weeks
       Total hours worked: 43 hours weekly
       Total Unpaid O/T hours= 3
       Hourly rate: $18.00 an hour x 1.5=$27.00
       O/T rate: $27.00- $18.00 O/T rate paid=$9.00

       $9.00 x 3 O/T hours=$27.00 weekly x 104 weeks=$2,808.00

    c. Nature of wages (e.g., overtime or straight time):

       This amount represents unpaid overtime wages.[1]

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages, and Plaintiff and those similarly situated are entitled to recover double damages.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations

42. Defendants Pinnacle Parking and James L. Patrone willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff Luis E. Lepage and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Luis E. Lepage and other similarly situated individuals and against Defendants Pinnacle Parking and James L. Patrone. based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Luis E. Lepage actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Luis E. Lepage demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

45. The employer, Pinnacle Parking, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

46. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

47. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

48. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

49. Defendants Pinnacle Parking and James L. Patrone employed Plaintiff Luis E. Lepage as a non-exempt, full-time, hourly employee from 2008 to December 15, 2023, or more than 15 years. However, for FLSA purposes, Plaintiff's relevant employment period is 104 weeks.

50. Plaintiff had duties as a Valet Parking Attendant with a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

51. During the relevant time, Plaintiff worked seven days per week, a total of 43 hours per week.

52. Despite working more than 40 hours per week, Plaintiff was for all his hours at his regular rate. He was not compensated for overtime hours as required by law.

53. Plaintiff did not clock in and out, but Defendants could track the number of days and hours worked by Plaintiff and other similarly situated individuals. Defendants had absolute control over Plaintiff's schedule and activities.

54. Therefore, Defendants willfully failed to pay overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

55. Plaintiff was paid by direct deposits without paystubs showing information about the actual number of days and hours worked, wage rate paid, employee taxes withheld, etc.

56. Plaintiff disagreed with the lack of payment for overtime hours, and he complained many times, but Defendants took no corrective action.

57. On or about December 15, 2024, Plaintiff complained to business owner James L. Patrone. Plaintiff requested to be paid for overtime hours.

58. These complaints constituted protected activity under the FLSA.

59. However, Defendants terminated Plaintiff's employment in retaliation for his complaints about unpaid overtime wages on the same day.

60. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

61. There is close proximity between Plaintiff's protected activity and his termination.

62. As described above, The motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

63. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

64. Plaintiff Luis E. Lepage has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Luis E. Lepage respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Pinnacle Parking and James L. Patrone that Plaintiff Luis E. Lepage recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney's fees, costs, and expenses.

D. Order Defendants Pinnacle Parking and James L. Patrone to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Luis E. Lepage further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Luis E. Lepage demands a trial by jury of all issues triable as of right by a jury.

Date: February 3, 2025

Respectfully Submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*