UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:25-cv-80172-RLR

LUIS E. LEPAGE,

     Plaintiff (s)

v.

PINNACLE PARKING INC., and
JAMES L. PATRONE,

     Defendants

                           /

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, PINNACLE PARKING INC. and JAMES L. PATRONE, by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's, LUIS E. LEPAGE, Complaint (ECF No. 1).

Defendants deny all allegations of Plaintiff's Complaint, which are not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during additional investigation and discovery. Defendants' answer to each of the specifically enumerated paragraphs of Plaintiff's Complaint is as follows:

1. With regard to paragraph 1 of the Complaint, Defendants admit Plaintiff purports to state a cause of action pursuant to the FLSA but denies Plaintiff has stated any such cause of action or is entitled to any such relief. Defendants further deny Plaintiff was unlawfully terminated and demands strict proof.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint for jurisdictional purposes only.

3.       Defendants deny the allegations in paragraph 3 of the Complaint and demand strict proof.

4.       Defendants admit the allegations contained in paragraph 4 of the Complaint for venue purposes only.

5.       With regard to paragraph 5 of the Complaint, Defendants deny Plaintiff's residence for want of knowledge but admit Plaintiff was employed by the corporate Defendant.  All other allegations are denied and strict proof demanded.

6.       With regard to paragraph 6 of the Complaint, Defendants admit the corporate defendant is a Florida corporation conducting business in Palm Beach County, Florida, but deny all other allegations and demand strict proof.

7.       With regard to paragraph 7 of the Complaint, Defendants admit Patrone was and is the owner of the corporate defendant, but denies all remaining allegations and demand strict proof.

8.       With regard to paragraph 8 of the Complaint, Defendants admit Plaintiff purports to bring this as a collective action pursuant to the FLSA but denies Plaintiff has stated any such cause of action or is entitled to any such relief.  Defendants further deny any similarly situated employees exist and/or who desire to opt-in to this action.

9.       With regard to paragraph 9 of the Complaint, Defendants admit the corporate defendant is in the valet parking industry and provides services at different locations, but deny all remaining allegations and demand strict proof thereof.

10.       Defendants deny the allegations, inferences and legal conclusions contained in paragraph 10 of the Complaint and demand strict proof.

11.       With regard to paragraph 11 of the Complaint, Defendants admit Plaintiff was employed by the corporate Defendants for those dates.  Defendants deny any remaining allegations

and demand strict proof.

12.     With regard to paragraph 12 of the Complaint, Defendants admit Plaintiff was a valet parking attendant and refers Plaintiff to his pay records, which accurately reflect his wage rates.

13.     With regard to paragraph 13, Defendants refer Plaintiff to the records reflecting the days and hours worked by Plaintiff, which records speak for themselves.  To the extent the allegations contradict the records, Defendants deny same and demand strict proof.

14.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 14 of the Complaint and demand strict proof.

15.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 15 of the Complaint and demand strict proof.

16.     With regard to paragraph 16 of the Complaint, Defendants admit they have records of the days and hours worked by Plaintiff and other employees, but deny any remaining allegations including that similarly situated employees exist and demand strict proof.

17.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 17 of the Complaint and demand strict proof.

18.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 18 of the Complaint and demand strict proof.

19.     With regard to paragraph 19, Defendants admit Plaintiff was paid by direct deposit but deny that records did not exist reflecting the information alleged and demand strict proof.

20.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 20 of the Complaint and demand strict proof.

21.     With regard to paragraph 21, Defendants admit Plaintiff purports to recover certain

damages and relief, but deny Plaintiff is entitled to any damages or relief and demands strict proof.

22.     With regard to paragraph 22 of the Complaint, Defendants admit Plaintiff purports to bring this as a collective action pursuant to the FLSA but denies Plaintiff has stated any such cause of action or is entitled to any such relief.

23.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 23 of the Complaint and demand strict proof.

24.     With regard to paragraph 24 of the Complaint, Defendants admit Plaintiff purports to bring this as a collective action, but deny that any similarly situated individuals exist and/or who desire to opt-in.

25.     With regard to paragraph 25 of the Complaint, Defendants restate, reallege, and incorporate herein all responses to Plaintiff's Complaint contained in paragraphs 1 through 24 above.

26.     With regard to paragraph 26 of the Complaint, Defendants admit Plaintiff was employed by the corporate Defendants for those dates.  Defendants deny any remaining allegations and demand strict proof.

27.     With regard to paragraph 27 of the Complaint, Defendants admit Plaintiff was a valet parking attendant and refers Plaintiff to his pay records, which accurately reflect his wage rates.

28.     With regard to paragraph 28, Defendants refer Plaintiff to the records reflecting the days and hours worked by Plaintiff, which records speak for themselves.  To the extent the allegations contradict the records, Defendants deny same and demand strict proof.

29.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 29 of the Complaint and demand strict proof.

30.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 30 of the Complaint and demand strict proof.

31.     With regard to paragraph 31 of the Complaint, Defendants admit they have records of the days and hours worked by Plaintiff and other employees, but deny any remaining allegations including that similarly situated employees exist and demand strict proof.

32.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 32 of the Complaint and demand strict proof.

33.     With regard to paragraph 33, Defendants admit Plaintiff was paid by direct deposit but deny that records did not exist reflecting the information alleged and demand strict proof.

34.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 34 of the Complaint and demand strict proof.

35.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 35 of the Complaint and demand strict proof.

36.     Defendants admit they are in possession of time and pay records and deny any other allegations and demand strict proof.  Defendants further deny any similarly situated employees exist and/or who to desire to opt-in.

37.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 37 of the Complaint and demand strict proof.

38.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 38 of the Complaint and demand strict proof.

39.     With regard to paragraph 39 of the Complaint, Defendants admit Plaintiff has alleged his statement of claim, but deny Plaintiff is owed any damages and demand strict proof.

40.     Defendants deny the allegations, inferences and legal conclusions contained in

paragraph 40 of the Complaint and demand strict proof. Defendants further deny any similarly situated employees exist and/or who to desire to opt-in.

41. Defendants deny the allegations, inferences and legal conclusions contained in paragraph 41 of the Complaint and demand strict proof. Defendants further deny any similarly situated employees exist and/or who to desire to opt-in.

42. Defendants deny the allegations, inferences and legal conclusions contained in paragraph 42 of the Complaint and demand strict proof.

43. With regard to paragraph 43, Defendants state it is an averment to which no responsive pleading is required.

Defendants deny Plaintiff is entitled to any damages or relief sought in the WHEREFORE clause of Count I of Plaintiff's Complaint.

44. With regard to paragraph 44 of the Complaint, Defendants restate, reallege, and incorporate herein all responses to Plaintiff's Complaint contained in paragraphs 1 through 43 above.

45. With regard to paragraph 45 of the Complaint Defendants do not contest coverage.

46. With regard to paragraph 46 of the Complaint Defendants do not contest coverage.

47. With regard to paragraph 47 of the Complaint, Defendants state it is an averment to which no responsive pleading is required.

48. With regard to paragraph 48 of the Complaint, Defendants state it is an averment to which no responsive pleading is required.

49. With regard to paragraph 49 of the Complaint, Defendants admit Plaintiff was employed by the corporate Defendants for those dates. Defendants deny any remaining allegations and demand strict proof.

50. With regard to paragraph 50 of the Complaint, Defendants admit Plaintiff was a

6

valet parking attendant and refers Plaintiff to his pay records, which accurately reflect his wage rates.

51.     With regard to paragraph 51, Defendants refer Plaintiff to the records reflecting the days and hours worked by Plaintiff, which records speak for themselves.  To the extent the allegations contradict the records, Defendants deny same and demand strict proof.

52.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 52 of the Complaint and demand strict proof.

53.     With regard to paragraph 53 of the Complaint, Defendants admit they have records of the days and hours worked by Plaintiff and other employees, but deny any remaining allegations including that similarly situated employees exist and demand strict proof.

54.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 54 of the Complaint and demand strict proof.

55.     With regard to paragraph 55, Defendants admit Plaintiff was paid by direct deposit but deny that records did not exist reflecting the information alleged and demand strict proof.

56.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 56 of the Complaint and demand strict proof.

57.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 57 of the Complaint and demand strict proof.

58.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 58 of the Complaint and demand strict proof.

59.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 59 of the Complaint and demand strict proof.

60.     Defendants deny the allegations, inferences and legal conclusions contained in

paragraph 60 of the Complaint and demand strict proof.

61.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 61 of the Complaint and demand strict proof.

62.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 62 of the Complaint and demand strict proof.

63.     Defendants deny the allegations, inferences and legal conclusions contained in paragraph 63 of the Complaint and demand strict proof.

64.     With regard to paragraph 64, Defendants state it is an averment to which no responsive pleading is required.

Defendants deny Plaintiff is entitled to any damages or relief sought in the WHEREFORE clause of Count II of Plaintiff's Complaint

## AFFIRMATIVE DEFENSES

65.     As their First Affirmative Defense, Defendants state none of their actions were "willful", as said term is defined by the Fair Labor Standards Act, regulations, and interpretive case law.

66.     As their Second Affirmative Defense, Defendants state Plaintiff's claims for liquidated damages are barred because Defendants acted in good faith at all times material hereto and had reasonable grounds for believing that their policies and practices were not violations of the FLSA, as amended.

67.     As their Third Affirmative Defense, Defendants state all or part of Plaintiff's claims are barred by the applicable statute of limitations.

68.     As their Fourth Affirmative Defense, Defendants state that Plaintiff's claims are barred because Defendants acted in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator

8

of the Wage and Hour Division of the Department of Labor at all times material hereto.

69.     As their Fifth Affirmative Defense, Defendants state Plaintiff has failed to state a claim upon which relief may be granted.

70.     As their Sixth Affirmative Defense, Defendants state Plaintiff's claims are barred because Plaintiff has been appropriately paid.

71.     As their Seventh Affirmative Defense, Defendants state Plaintiff's claims are barred by the "de minimus" doctrine.

72.     As their Eighth Affirmative Defense, Defendants state Plaintiff's claims are barred because any hours worked by Plaintiff over forty in any particular workweek were without Defendants' knowledge, either actual or constructive.

73.     As their Ninth Affirmative Defense, Defendants state any overtime due to Plaintiff should be computed at a half-time rate, based upon Plaintiff's regular rate of pay for each particular workweek in question.

74.     As their Tenth Affirmative Defense, Defendants state Plaintiff's claims for damages (if any) must be reduced or offset by all amounts Defendants overpaid Plaintiff.

75.     As their Eleventh Affirmative Defense, Defendants state that Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to accurately record the number of hours he worked.

76.     As their Twelfth Affirmative Defense, Defendants state that Plaintiff's claim is barred in whole or in part due to Plaintiff improperly recording hours he did not actually work, and Defendants are entitled to a set off for any such improperly recorded hours.

77.     As their Thirteenth Affirmative Defense, Defendants state that to the extent Plaintiff obtains any recovery, Plaintiff's claims for attorneys' fees and costs are barred based on

the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

78.     As their Fourteenth Affirmative Defense, Defendants state that although they deny that Plaintiff has suffered any damages, if it is determined that Plaintiff has suffered retaliation damages, then Plaintiff's retaliation claim is barred in whole or in part by Plaintiff's failure to mitigate, or reasonably attempt to mitigate, his damages.

79.     As their Fifteenth Affirmative Defense, Defendants state that Plaintiff's retaliation claim for damages is barred in whole or in part by the doctrine of after-acquired evidence. Specifically, Plaintiff's claim is limited to the extent that discovery shows that Plaintiff engaged in misconduct prior to, during, after or in connection with his employment, which would otherwise have resulted in his termination.

80.     As their Sixteenth Affirmative Defense, Defendants state that Plaintiff's retaliation claim is barred because Plaintiff failed to perform his job adequately or to Defendants' standards, and any adverse employment action taken against Plaintiff was as a result of Plaintiff's own failure to perform or was otherwise as a result of Plaintiff's own acts or omissions.

81.     As their Seventeenth Affirmative Defense, Defendants state that Plaintiff's retaliation claim is barred because any employment action taken by Defendants was taken for legitimate, non-retaliatory business reasons, which Plaintiff cannot demonstrate were pretextual or otherwise intentionally discriminatory.  Moreover, Plaintiff was not discriminated or retaliated against because of any alleged statutorily protected expression or activity with respect to the compensation, terms, conditions, or privileges of her employment. As such, Plaintiff has failed to state a prima facie case of retaliation, and cannot establish pretext or otherwise prove intentional retaliation.

82.     As their Eighteenth Affirmative Defense, Defendants state that Plaintiff has not

suffered any back pay damages.

83.     As their Nineteenth Affirmative Defense, Defendants state that they are entitled to a set-off for any monies or benefits earned or received by Plaintiff subsequent to his employment with Defendants, including any collateral benefits.

84.     As their Twentieth Affirmative Defense, Defendants state that Plaintiff cannot demonstrate a causal connection between his alleged protected action and his alleged adverse employment action.

85.     As their Twenty-First Affirmative Defense, Defendants state Plaintiff's retaliation claim is barred, in whole or in part, by the equitable doctrines of estoppel, waiver and/or unclean hands.

86.     As their Twenty-Ninth Affirmative Defense, Plaintiff cannot show that but for his alleged protected class or activity he would not have been terminated.

87.     As their Thirtieth Affirmative Defense, Plaintiff's claims are barred because, even if an impermissible motivating factor had been a factor in any decision made or action taken by Defendants, which Defendants expressly deny, the would have taken the same action in the absence of any impermissible motivating factor.

88.     As its Thirty-First Affirmative Defense, Plaintiff has failed to set forth a retaliation claim sufficient to warrant the imposition of compensatory damages.  Plaintiff has failed to properly allege, and cannot prove, any consequential economic damages and/or non-pecuniary damages, including but not limited to emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

89.     As their Thirty-Second Affirmative Defense, Defendants state that Plaintiff's claims against James Patrone in his individual capacity are barred because he is not an "employer"

11

within the meaning of the Fair Labor Standards Act.

90.    As their Thirty-Third Affirmative Defense, Defendants state Plaintiff is not individually covered by the FLSA.   Defendants are not an "instrumentality of interstate commerce," as that term is defined by 29 C.F.R. § 776.11. Moreover, Plaintiff was not engaged in the "regular and recurrent" use of interstate telephone, telegraph, mail, or travel. See *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006). Specifically, Plaintiff did not use *interstate* telephone, mail, or the internet regularly or recurringly.

91.    As their Thirty-Fourth Affirmative Defense, Defendants state Plaintiff's FLSA claims are barred because enterprise coverage does not exist.

Defendants reserve the right to assert additional affirmative defenses, which may be learned or disclosed through discovery.

## **DEMAND FOR COSTS AND ATTORNEY'S FEES**

Defendants are entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's claims brought in bad faith or shown to be frivolous.  *See*, e.g., *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendants pray this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against the Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees.

Dated:   July 25, 2025            Respectfully submitted,
         Boca Raton, FL

**Robin I. Frank**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-Mail:  DRL@PBL-Law.com

ROBIN I. FRANK, ESQ.
Florida Bar No. 0649619
E-Mail:   RIF@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone: (561) 544-8900
Counsel for Defendants

13